UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                         Case No. 07-CR-88

JEREMY J. HANNA,

    Defendant.

## ORDER

Defendant Jeremy Hanna was convicted of conspiracy to distribute methamphetamine, and in a Judgment entered on November 21, 2007, was sentenced to 130 months in the custody of the Bureau of Prisons. On June 9, 2008, an Amended Judgment was entered reducing his sentence to 80 months, with 60 months of supervised release. This supervision commenced on September 28, 2012.

Between May of 2013 and January of 2014, Hanna tested positive for methamphetamine on three separate occasions. After the initial positive he was referred for outpatient substance abuse treatment, and after the third his frequency of treatment was increased and he was placed on location monitoring. When Hanna continued to submit positive test results or samples that were too dilute for testing, the court issued a notice to appear for a scheduled revocation hearing.

Hanna was provided several additional opportunities to comply with conditions of supervision but ultimately failed. Despite repeated warnings, he continued to test positive for methamphetamine. On February 17, 2016, his supervised release was revoked and he was

sentenced to 6 months in the custody of the bureau of prisons. Hanna has now filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). He claims he is entitled to a reduction in his sentence based upon the action of the Sentencing Commission reducing by two levels the offense severity score for certain drug offenses.

Application Note 4(A) to U.S.S.G. § 1.B1.10 forecloses Hanna's argument that he is entitled to a reduction. The Application Note states: "This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release." Virtually the same argument was rejected by the Seventh Circuit in *U.S. v Forman*, 553 F.3d 585, 588-89 (7th Cir. 2009); *see also United States v Fontenot*, 583 F.3d 743, 744 (10th Cir. 2009). ("Amendment 706 has no bearing on [defendant's] current term of incarceration; that sentence is based upon Mr. Fontenot's noncompliance with the terms of his supervised release, not on the drug quantity tables set forth in U.S.S.G. § 2D1.1(c).") The same is true here. Hanna's current incarceration is due not to his original sentence, but to his repeated violations of the conditions of his supervised release. Section 3582(c)(2) and the reductions in the base levels in the drug quantity table do not provide a vehicle for relief. Accordingly, his motion for a reduction of his sentence must be denied.

**SO ORDERED** this     10th     day of May, 2016.

    s/ William C., Griesbach
William C. Griesbach, Chief Judge
United States District Court